

FILED
OCT - 7 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

v.  Criminal No. 2:95CR193
    Civil Action No. 3:13CV685

ROBERT LEE WINFIELD, JR.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on March 17, 2000, the Court denied a motion under 28 U.S.C. § 2255 filed by Robert Lee Winfield, Jr. Thereafter, the Court received a series of successive, unauthorized 28 U.S.C. § 2255 motions from Winfield. The matter is before the Court on Winfield's latest challenge to his conviction and sentence. On February 19, 2013, the Court received from Winfield a document which he styled as a "MOTION TO BE HEARD PURSUANT TO ANY AVAILABLE REMEDY TO ADDRESS THE UNITED STATES SUPREME COURT'S NEW INTERPRETATION OF 18 U.S.C § 1512(a)(1)." (ECF No. 535.) The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move

in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)).

The "MOTION TO BE HEARD PURSUANT TO ANY AVAILABLE REMEDY TO ADDRESS THE UNITED STATES SUPREME COURT'S NEW INTERPRETATION OF 18 U.S.C § 1512(a)(1)" continues to attack Winfield's conviction and sentence and falls squarely within the ambit of 28 U.S.C. § 2255(a). Thus, the motion is properly construed as an unauthorized, successive 28 U.S.C. § 2255 motion. See Winestock, 340 F.3d at 206. This Court has not received permission from the Fourth Circuit to hear Winfield's successive § 2255 motion. Accordingly, the "MOTION TO BE HEARD PURSUANT TO ANY AVAILABLE REMEDY TO ADDRESS THE UNITED STATES SUPREME

COURT'S NEW INTERPRETATION OF 18 U.S.C § 1512(a)(1)" (ECF No. 535) will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Because Winfield fails to satisfy this standard, a certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Winfield and counsel of record.

Date: October 7, 2013  /s/ REP
Norfolk, Virginia  Robert E. Payne
  Senior United States District Judge