**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

UNITED STATES OF AMERICA

v.                                        Criminal No.    2:95CR193
                                          Civil Action No. _____

ROBERT LEE WINFIELD, JR.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on March 17, 2000, the Court denied a motion under 28 U.S.C. § 2255 filed by Robert Lee Winfield, Jr.  Thereafter, the Court received a series of successive, unauthorized 28 U.S.C. § 2255 motions from Winfield. The matter is before the Court on Winfield's latest challenge to his conviction and sentence.  On April 30, 2020, the Court received from Winfield a document which he styled as a "Motion Pursuant To Federal Rules of Civil Procedure 60(b)(4) The Judgment is Void," ("Rule 60(b)(4) Motion," ECF No. 698).

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted).  Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals

for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Further, the United States Court of Appeals for the Fourth Circuit has held "that district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion and an improper successive § 2255 motion or habeas petition:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

Id. at 207 (citations omitted). In other words, a "motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." United States v. McCalister,

2

453 F. App'x. 776, 778 (10th Cir. 2011) (alteration in original) (quoting Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006)).

Here, Winfield's Rule 60(b) Motion does not raised procedural defects in the Court's § 2255 review process. Rather, he continues to challenge his underlying convictions. Winfield's Rule 60(b) Motion must therefore be treated as a successive § 2255 motion. Because the Fourth Circuit has not granted Winfield permission to file a successive § 2255 motion, the Rule 60(b) Motion (ECF No. 698) will be dismissed for want of jurisdiction. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Winfield and counsel of record.

Date: September 20, 2022
Norfolk, Virginia

/s/ REP

Robert E. Payne
Senior United States District Judge

3